# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-1199-G |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Dannell Williams brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381-1383f. Upon review of the administrative record (Doc. No. 10, hereinafter "R. _") and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.[1]

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her applications for DIB and SSI on October 1, 2014, alleging a disability onset date of February 1, 2014. R. 20, 185-92, 225. Following denial

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

of Plaintiff's application initially and on reconsideration, an administrative law judge ("ALJ") held a hearing. R. 36-62, 121-29, 132-37. The ALJ issued an unfavorable decision on September 16, 2016. R. 20-31.

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 1, 2014. R. 22. At step two, the ALJ determined that Plaintiff had the severe impairments of: chronic obstructive pulmonary disease, moderate obstructive sleep apnea, angina pectoris without ischemic heart disease, and obesity. R. 22-25. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 25-26.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 26-29. The ALJ found that Plaintiff had the RFC to perform light work subject to the environmental restriction that Plaintiff "should avoid concentrated exposure to pulmonary irritants such as fumes[,] odors, dust, gases, and poor ventilation." R. 26; *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light work"). At step four, relying on hearing testimony from a vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing her past relevant work as a customer service representative. R. 29-30.

Continuing to step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education,

work experience, and RFC—could perform. Relying on the framework provided in the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ made the alternative finding that Plaintiff's nonexertional environmental limitations had little or no effect on the unskilled light occupational base and, thus, Plaintiff likewise would be found "not disabled." R. 30-31.

The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from February 1, 2014, through the date of the decision. R. 31. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-6; *see also* 20 C.F.R. §§ 404.981, 416.1481. This action for judicial review followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal

3

quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff alleges that the ALJ erred in considering certain medical evidence: specifically, opinions from physicians Clayton Royder, DO, and Adonis Al-Botros, MD. *See* Pl.'s Br. (Doc. No. 17) at 6-13. Additionally, Plaintiff contends that the ALJ should have included in the RFC restrictions related to Plaintiff's depression, edema, and incontinence. *See id.* at 13-19.

A. *Whether the ALJ erred in considering Dr. Royder's opinion*

Plaintiff first asserts that the ALJ erred in failing to adopt certain findings in the opinion of Dr. Royder, one of Plaintiff's treating physicians. *See* Pl.'s Br. at 6-7. Dr. Royder completed a Mental Status Form, in which he opined, as relevant here, that Plaintiff can "respond to work pressure, supervision and coworkers" "if medicated." R. 411 (Ex. 4F, at 2). Additionally, Dr. Royder recorded Plaintiff's diagnosis as "bipolar, uncontrolled." R. 411. The ALJ gave this opinion "great weight." R. 24.

Plaintiff argues that Dr. Royder's diagnosis and reference to medication indicates that Plaintiff is "not under control" and that "medication appears to be an issue whose resolution is required for work." Pl.'s Br. at 7. Plaintiff argues that she is, therefore, unable to work. *See id.* It is not the diagnosis, however, but resultant functional limitations that determine disability, and there is nothing in Dr. Royder's opinion that evidences an

inability to perform work-related functions. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988) (noting that the diagnosis of major depression did not establish disability where nowhere in the report did the physician "indicate that [claimant's] depression was so severe as to render him unable to perform the duties of his past relevant work"); *accord Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007). Indeed, as set forth above, Dr. Royder found that Plaintiff is capable of working if medicated. *See* R. 411. And, as Plaintiff noted, the ALJ found that Plaintiff's "recent mental health notes reflect[] improvement of [Plaintiff's] symptoms with medication." R. 24 (citing Ex. 8F (R. 686-717); Pl.'s Br. at 6 (citing R. 24). Stated differently, the assignment of great weight to Dr. Royder's opinion, even including the bipolar-disorder diagnosis, is not inconsistent with a finding that Plaintiff is able to work as defined in the RFC. The Court finds no error in the ALJ's consideration of Dr. Royder's Mental Status Form.

> B. *Whether the ALJ erred in considering medical evidence from Dr. Royder and Dr. Al-Botros at Step Two*

Plaintiff next argues that the ALJ failed to properly consider the opinions of Dr. Royder and of treating psychiatrist Dr. Al-Botros when determining Plaintiff's medically determinable impairments at step two of the written decision. *See* Pl.'s Br. at 8-12.

  1. Diagnosis

In reference to Dr. Al-Botros' diagnosis of "moderate recurrent major depression," Plaintiff asserts that Dr. Al-Botros' opinion is in "direct opposition" to the ALJ's finding that Plaintiff's depression caused no more than mild limitations. *Id.* at 8 (quoting R. 23, 405); *see also* R. 405 (Plaintiff's New Patient Evaluation with Dr. Al-Botros). Reciting

5

the framework an ALJ should follow when evaluating a treating-physician opinion, Plaintiff contends that the ALJ erred in evaluating Dr. Al-Botros' opinion, as well as Dr. Royder's bipolar-disorder diagnosis (discussed above). Pl.'s Br. at 9-12. Specifically, Plaintiff contends that Dr. Royer's bipolar-disorder diagnosis and Dr. Al-Botros' diagnosis of moderate recurrent major depression contradict the ALJ's step-two finding that Plaintiff's major depression is nonsevere in nature, given that Plaintiff's mental impairment "is severe enough it requires treatment and medication management." Pl.'s Br. at 8.

At step two, Plaintiff bears the burden of demonstrating an impairment or combination of impairments that significantly limits her ability to do basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). Though this showing has been characterized as de minimis, the mere presence of a mental condition documented in the record is not enough to prove that Plaintiff is significantly limited in her ability to do basic work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Under Social Security regulations, in order for an impairment to be considered "severe," it must cause at least moderate restriction in areas of activities of daily living, social functioning, or concentration, persistence, or pace, or otherwise significantly impact ability to do work. 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d) (2016). Though Plaintiff's mental condition does require treatment, the ALJ found that it caused "no more than *mild* restriction in activities of daily living; *mild* difficulties in maintaining social functioning;" and "*mild* difficulties in maintaining concentration, persistence or pace." R. 23. Plaintiff does not legitimately challenge these findings as to the degree of limitation caused by her mental condition by merely pointing to bare diagnoses. Nor has she

identified any significant functional limitation associated with her mental impairment that was baselessly rejected by the ALJ. *See Hinkle*, 132 F.3d at 1352.

Further, any error in this regard would be harmless, as "failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe," as occurred here. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). As such, Plaintiff's challenge to the ALJ's step-two finding of nonseverity fails.

2. Treatment notes

Next Plaintiff argues that the ALJ erroneously "disregarded or discounted" Dr. Al-Botros' "recurring" findings of "decreased concentrating ability, impaired judgment, as well as anxious and irritable dysthymic mood." Pl.'s Br. at 8-9 (citing R. 404-05, 589, 687, 690, 694, 696, 701, 716). Plaintiff here overstates the findings made by Dr. Al-Botros. Review of the referenced notes reveals that at Plaintiff's initial evaluation on October 29, 2014, Dr. Al-Botros found that Plaintiff had decreased concentrating ability as well as anxious and dysthymic mood, though her judgment was not impaired. R. 404-05.[2] Thereafter, Dr. Al-Botros' examination notes regarding Plaintiff's concentrating abilities, judgment, or mood reflect only intermittent, rather than "recurring," findings that stray from the norm:

- January 5, 2015, normal (R. 589);
- February 3, 2015, normal (R. 687);

---

[2] Dr. Al-Botros' other objective findings, which Plaintiff does not address, were generally normal throughout the cited treatment notes.

7

- March 6, 2015, normal except judgment was fair (R. 689);

- May 5, 2015, normal except decreased concentrating ability and anxious mood (R. 694);

- June 15, 2015, normal except anxious mood and mild depression (R. 696);

- September 10, 2015, normal except judgment was fair (R. 701);

- March 11, 2016, normal except decreased concentrating ability and anxious mood (R. 716).

Moreover, the ALJ discussed these treatment notes in detail, stating that Dr. Al-Botros' treatment notes reflect Plaintiff's "typical assertion that she was doing well with no problems." R. 23-24 (citing R. 407-09, 585-91, 686-717). The ALJ also considered the examinations in which Plaintiff exhibited "a dysthymic and anxious mood" or reported depression, observing that Dr. Al-Botros did not adjust Plaintiff's medications during those visits, the remainder of Plaintiff's mental status exams at those visits were "generally normal," and Plaintiff reported improvement at later examinations. R. 24 (citing R. 694-99, 705-11, 716).

As such, the ALJ considered and discussed Dr. Al-Botros' treatment notes, including notations of abnormal findings. Plaintiff has not shown that the ALJ improperly "disregarded or discounted" this medical evidence from Dr. Al-Botros. *See Gourley v. Colvin*, No. CIV-15-880-HE, 2016 WL 3579048, at *3 (W.D. Okla. Apr. 15, 2016) (R. & R.), *adopted*, 2016 WL 3582158 (W.D. Okla. June 28, 2016) (finding no error when ALJ discussed medical records from treating physician but did not assign them any weight because the treatment notes were not "true medical opinions").

*C. Whether the ALJ failed to include in Plaintiff's RFC limitations related to her depression*

Plaintiff asserts that the ALJ should have discussed her mental impairment at step four of the evaluation. *See* Pl.'s Br. at 13-16. Plaintiff is correct that, in formulating the RFC, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, both severe and nonsevere. *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[A] finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction."). However, the presence of a medically determinable impairment does not necessarily equate to corresponding limitations in the RFC, and the RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 (10th Cir. 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011) (rejecting claimant's argument that a limitation should have been included in his RFC when "such a limitation has no support in the record").

Here, the ALJ did not merely rely on the step-two findings to support his RFC determination or otherwise improperly conflate those assessments. With respect to Plaintiff's claims of depression, the ALJ cited to medical evidence of record that Plaintiff's mental condition that was not severe and caused only mild restrictions in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. *See* R. 23-24. The ALJ also expressly distinguished his rating of the severity of mental impairments at step two from the "more detailed assessment" required for the mental-

condition-related aspect of the RFC finding. R. 25. The ALJ considered Plaintiff's own statements as to her activities of daily living and socializing efforts. R. 27. And in formulating Plaintiff's RFC, the ALJ stated that he considered all of Plaintiff's symptoms and all opinion evidence. R. 26. *See Wall*, 561 F.3d at 1070 ("Where . . . the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word." (alteration and internal quotation marks omitted)). Plaintiff has not identified any depression-related limitations and cites no specific objective evidence concerning her mental impairment or limitations thereon that she contends should have been considered but were not. *See* Pl.'s Br. at 13-16.

As such, it is clear that the ALJ considered Plaintiff's mental impairment in making an RFC determination and did not improperly rely on the step-two assessment in place of an RFC analysis. *See Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013) (finding proper RFC assessment where ALJ discussed evidence relating to claimant's nonsevere mental impairment and, "[s]ignificantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four assessments"); *cf. Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013) (finding that ALJ failed to adequately consider claimant's nonsevere mental impairments at step four when ALJ apparently conflated the step-two and step-four findings and "did not engage in any analysis" of mental functions or impairments, but holding the error harmless "[b]ecause the evidence in this case does not support assessing any functional limitations from mental impairments").

D. *Whether the ALJ failed to include in Plaintiff's RFC any limitations related to her edema and incontinence*

Plaintiff next argues that the ALJ failed to include in the RFC limitations caused by Plaintiff's edema and incontinence, claiming that the ALJ should have included a sit-stand option, the ability to elevate her feet, and the ability to take unscheduled, extended breaks. *See* Pl.'s Br. at 16-19. The ALJ found that Plaintiff's edema was a medically determinable impairment, though nonsevere in nature, R. 23, and the Court will assume without deciding that Plaintiff's incontinence is also a medically determinable impairment.[3]

But Plaintiff cites only records showing that she complained of or was diagnosed with edema or incontinence; she does not point to medical evidence of record showing that these impairments caused the cited limitations. *See* Pl.'s Br. at 16-19 (citing R. 609, 633, 719-20 (edema); 426, 442, 593-95, 655 (incontinence)). The only evidence of limitations provided by Plaintiff are her own testimony or her reports to her physicians. *See id.* (citing R. 52, 609-712 (edema); 48-49 (incontinence)); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (prescribing that statements of pain or symptoms will not establish disability, as there must be medical evidence to consider along with claimant's statements as well a determination of "the extent to which [the claimant's] alleged functional limitations and restrictions" "can reasonably be accepted as consistent with the medical signs and

---

[3] Establishing a medically determinable impairment requires the claimant to show a physical or mental impairment resulting from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." This "impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings," not by a claimant's statement of symptoms alone. 20 C.F.R. §§ 404.1508, 416.908 (2016).

11

laboratory findings and other evidence" to decide the claimant's ability to work). And having independently reviewed the record, the Court has not found additional evidence of limitations beyond Plaintiff's own hearing testimony and her self-reports, which the ALJ found to be "not entirely consistent with the medical evidence and other evidence in the record." R. 27. Plaintiff does not challenge this determination by the ALJ. *See* Pl.'s Br. at 16-19.

Plaintiff also contends that "the ALJ's decision does not indicate that he considered the cumulative effect of [Plaintiff's] impairments." Pl.'s Br. at 19. Plaintiff offers nothing beyond her own assertion to support this claim. *See id.* ("Simply put, [he] did not or this Court would have seen evidence of same in [his] opinion."). And, to the contrary, the ALJ explicitly states that he did precisely that. *See* R. 20, 21 (ALJ stating that the disability review process requires consideration of an impairment or combination of impairments), R. 25, 26 (ALJ stating that he considered Plaintiff's impairments "singly and in combination"), R. 26 (ALJ stating that he considered all symptoms and evidence); *see also Wall*, 561 F.3d at 1070; *Bryant v. Berryhill*, No. CIV-15-1151-HE, 2017 WL 401263, at *11 (W.D. Okla. Jan. 30, 2017).

   E. *Whether the ALJ should have included additional restrictions in the hypothetical to the vocational expert*

In sum, the evidence relied upon by the ALJ adequately supports the RFC assessment. *See* R. 23-29. It was Plaintiff's burden to provide evidence of the limitations caused by her alleged impairments. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) ("In a social security disability case, the claimant bears the burden to prove [his]

disability."). "The mere presence of a condition is not necessarily disabling. Rather, a condition, alone or in combination with other impairments, must render claimant unable to engage in any substantial gainful employment." *Walters v. Colvin*, 604 F. App'x 643, 648 (10th Cir. 2015) (alterations and internal quotation marks omitted). Absent support in the record for the limitations now claimed by Plaintiff, the ALJ did not err by failing to include those limitations in the RFC assessment. *See Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) (finding RFC analysis was supported by substantial evidence when claimant failed to cite anything "specific in the medical records to support his alleged functional limitations" and ALJ had found that claimant's "own assessment of his limitations lacked credibility"). *See generally* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the [ALJ] must consider the individual to have no limitation or restriction with respect to that functional capacity."). Plaintiff has not shown that the ALJ's RFC assessment was unsupported by substantial evidence. *See, e.g., Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As an extension of the above arguments, Plaintiff also asserts that the ALJ failed to include in his hypothetical to the VE "sufficient or proper vocational limitations." *See* Pl.'s Br. at 20-21. Because Plaintiff has not shown that additional limitations should have been included in the RFC, Plaintiff's challenge to the VE hypothetical also fails. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (holding that VE hypothetical was sufficient because "it contained all of the limitations found to exist by the ALJ"); *Bean v. Chater*, 77

F.3d 1210, 1214 (10th Cir. 1995) (finding ALJ was not required to accept VE's answer to hypothetical questioning that included limitations "claimed by plaintiff but not accepted by the ALJ as supported by the record").

CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment will issue accordingly.

IT IS SO ORDERED this 14th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge